UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FLORIN HORICIANU, *pro se*,

                Plaintiff,

    -against-

J. DOE 1 AKA NOYESMELISSA;
US 880; J. DOE 2 AKA SHERRY;
J. DOE 3 AKA ANDREI LUCA, AKA
DIANA, AKA WOMENS SNICKERS;
J. DOE 4 AKA STUART; J. DOE 5 - 30,

                Defendants.
----------------------------------------------------------x

**SUMMARY ORDER**
10-CV-3818 (DLI) (MDG)

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Florin Horicianu brings this action *pro se* alleging that "defendants have posted bizarre defamations about the [p]laintiff, on public (Internet) websites, and used those postings to attract customers to buy their counterfeit merchandise; therefore, the [d]efendants profited from those defamations." (Compl. at 2-3.) Plaintiff seeks $2 million in monetary damages and injunctive relief. (Compl. at 3.) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, issuance of a summons and service of the complaint are held in abeyance because plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, by October 27, 2010, to file an amended complaint, as discussed below. For the convenience of plaintiff, and in light of his *pro se* status, instructions on how to amend a complaint are attached to this Order. Should the amended complaint fail to correct the deficiencies of the instant complaint, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

## STANDARD OF REVIEW

In reviewing the instant complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a mater of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).

## DISCUSSION

The subject matter jurisdiction of the federal courts is limited and the basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal question jurisdiction, and § 1332 for diversity of citizenship jurisdiction. *Id.* A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.* (citing § 1332(a)). Here, plaintiff does not establish that this court has diversity jurisdiction over his complaint. Plaintiff states that defendant US880 is located in China, but does not state where the other named defendants reside. Moreover, plaintiff has not established his "burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan*

*Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Although plaintiff seeks $1 million in compensatory damages and $1 million in punitive damages, it appears that plaintiff's request for damages is not based on an actual, non-speculative damages amount. However, the court notes that "[b]efore determining that the amount in controversy requirement has not been met, the court must afford plaintiff the opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible." *Id.*

Moreover, the Supreme Court has held that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 126 S.Ct. at 1244 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). A claim invoking federal question jurisdiction, however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 1244 n. 10 (quoting *Bell*, 327 U.S. at 682-83).

Here, plaintiff brings a state law claim for defamation and does not allege any federal claim against defendants. *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("defamation . . . is an issue of state law, not of federal constitutional law"). Even liberally construing plaintiff's complaint, any attempt plaintiff could make to re-cloak or convert his defamation claims into a constitutional right or federal question would be unavailing. *Anderson v. Bowen*, 881 F.2d 1, 5 n.10 (2d Cir. 1989).

## CONCLUSION

While the instant complaint fails to set forth subject matter jurisdiction, and could be dismissed at this juncture, in an abundance of caution, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, by October 27, 2010, to file an amended complaint. Should plaintiff elect to file an amended complaint, plaintiff is directed to provide the residences of all defendants and to demonstrate a good faith basis for satisfying the amount in controversy requirement of 28 U.S.C. § 1332. Plaintiff must also comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of plaintiff, and in light of his *pro se* status, instructions on how to amend a complaint are attached to this Order. If plaintiff fails to amend his complaint by October 27, 2010, as directed by this Order, and/or the amended complaint fails to correct the deficiencies of the instant complaint, the complaint will be dismissed. The issuance of a summons and service of the complaint are held in abeyance pending the filing of an amended complaint. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       September 27, 2010

                                            _____/s/_____
                                                DORA L. IRIZARRY
                                              United States District Judge

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF NEW YORK
PRO SE OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

# HOW TO AMEND YOUR COMPLAINT

If you have forgotten to state an important matter in your complaint, you discover something new after you filed your complaint, you want to add a defendant, or you want to insert the true name of a "John Doe" defendant, you may be able to file an amended complaint. An amended complaint does not just add to the first complaint. Once you file an amended complaint it entirely replaces your original complaint.

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that:

> A party may amend the party's pleading **once** as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

This means that if the defendant has not yet filed an answer to your complaint, you can file one amended complaint without permission of the Court. If the defendant has filed a motion to dismiss but has not filed an answer, you are still entitled to file one amended complaint without permission. (You are only permitted to file <u>one</u> amended complaint before defendant files an answer; if you wish to file a second amended complaint before defendant files an answer, you must obtain defendant's consent or you must obtain permission from the Court). However, if the defendant has already filed his <u>answer</u> to your complaint, you must get <u>written</u> consent from the defendant or permission of the Court before amending your complaint. If the defendant agrees in writing that you can file an amended complaint, you must ask the judge to write "So Ordered" on the written consent, indicating that the judge has approved the consent. If the defendant does not give you written consent, you can ask permission from the Court by filing a motion to amend the complaint and including a copy of the proposed amended complaint with your motion papers. Instructions for preparing a motion are attached and are available separately.

If you file an amended complaint. It **must** be captioned as an "**Amended Complaint.**"

# FILING AND SERVING THE AMENDED COMPLAINT

## SERVICE OF THE AMENDED COMPLAINT <u>BEFORE</u> THE ORIGINAL COMPLAINT HAS BEEN SERVED

If you decide to amend your complaint before defendant has been served with your original complaint and summons, you should serve the amended complaint on defendant and file the original amended complaint with the Pro Se Office as follows:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. File the original of your amended complaint with the Pro Se Office.

4. If you have not added new defendants in your amended complaint, use the summons that was originally issued by the Court.

5. Have a <u>copy</u> of the summons and a <u>copy</u> of the amended complaint served on each defendant by someone who is over eighteen and is not a party to the action. The original summons with the seal of the court embossed on it must be returned to the Court, so do not serve the original summons on any defendant.

6. Have the person who serves the summons and amended complaint on each defendant complete an affidavit or affirmation of service of process form.

7. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

8. Attach the original affidavit or affirmation of service to the original summons.

9. File the original summons and the affidavit or affirmation of service of process with the Pro Se Office.

## SERVICE OF THE AMENDED COMPLAINT <u>AFTER</u> THE ORIGINAL COMPLAINT HAS BEEN SERVED ON ALL DEFENDANTS

If you decide to amend your complaint after the defendant has been properly served with your original complaint and summons (and you have not added any new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint to the attorney for each defendant by ordinary first-class mail.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and your original affidavit or affirmation of service of process with the Pro Se Office.

### DELIVERY OF THE AMENDED COMPLAINT <u>AFTER</u> THE ORIGINAL COMPLAINT HAS BEEN SERVED ON <u>SOME DEFENDANTS</u> <u>BUT NOT ON OTHERS</u>

If you decide to amend your complaint <u>after</u> some defendants have been served with your original complaint and summons but before other defendants have been served (or you have added new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint by ordinary first-class mail to each defendant who has already been served.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint and summons was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and original affidavit or affirmation of service of process with the Pro Se Office.

7. If you have not added new defendants in your amended complaint, you must serve the amended complaint on the defendant who has not yet been properly served. If you have added new defendants, the Court will issue an amended summons which must be served with the amended complaint. If you are adding defendants, you must bring this to the attention of the Pro Se Writ Clerk.

8. Have a <u>copy</u> of the amended summons and a <u>copy</u> of the amended complaint served pursuant to Rule 4 of the Federal Rules on any defendant who was not previously served with the original complaint.

9. Have the person who served the amended summons and the amended complaint to each of the new defendants complete an affidavit or affirmation of service of process form.

10. Make a copy of the affidavit or affirmation of service of process.

11. Attach the affidavit or affirmation of service of process to the amended summons.

12. File the original amended summons and the original affidavit or affirmation of service of process with the Pro Se Office.

If you have questions regarding any of the procedures listed above, please contact the Pro Se Office at 718-613-2665.

11/28/05

Tara D. Hunter-Hicks
and
Ralph Vega, Jr.
Pro Se Writ Clerks

<u>Attn</u>: Pro Se Office
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

8:30AM - 5:00PM

(718) 613-2665